**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 21-2681

JENNIFER VINCENZETTI and those similarly situated;

    Plaintiffs,

v.

AMAZON.COM SERVICES LLC;

    Defendant.

## CLASS ACTION COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

2. There is "minimal diversity" because Defendant is a foreign business entity and a substantial portion of the proposed class, including Plaintiff, are Colorado residents.

3. Within the applicable statute of limitations, Defendant had thousands, and likely well over 10,000, employees in Colorado subject to Defendant's alleged off-the-clock pay policies.

4. Class-wide damages for the thousands of employees is well in excess of $5 million.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in Colorado.

### PARTIES

6. At all times material to the allegations of the complaint, Plaintiff was domiciled in the District of Colorado.

7. At all times material to the allegations of the complaint, Defendant AMAZON.COM SERVICES LLC (hereinafter, "Amazon") was a Delaware limited liability company with its principal place of business in Washington state.

8. At all times material to the allegations of the complaint, Amazon was registered with the Colorado Secretary of State to do business in Colorado and in fact did do business in Colorado.

## STATEMENT OF FACTS

### I. Amazon's Operations

9. Amazon operates a sprawling international online retail shopping business that allows customers to order goods online and have those orders fulfilled and delivered through Amazon's expansive fulfillment network.

10. Amazon's "fulfillment network is made up of state-of-the-art technology and a variety of building types and sizes to support processing orders, but it's truly [Amazon's] people who bring the magic of Amazon to life for our customers."

11. Amazon operates innumerable warehouses across the United States, and the world, to facilitate this fulfillment.

12. Each of these warehouses employs hundreds, and often thousands, of hourly employees.

13. Some warehouses pick, pack, and ship orders for Amazon's customers, while others sort already packed customer orders for faster delivery to final destinations.

14. Amazon currently runs at least the following warehouses in Colorado:

#**DDV5** 2889 Himalaya Drive, Aurora, Colorado, 80011

#**DEN2** – 24006 E. 19th Ave., Aurora, CO 80019-3705

#**DEN3** – 14601 Grant Street Thornton CO 80023-6622

**#DEN5** – 19799 E 36th Dr, Aurora, CO 80011

**#DCS3** – 4303 Grinnell Blvd, Colorado Springs, CO 80925

## II.     Plaintiff's Employment by Amazon

15.     Plaintiff worked for Amazon at two Colorado Springs warehouses from in or about October 2018 to in or about December 2020.

16.     Plaintiff generally was on the clock for 4 days a week, 10 hours a day.

17.     At all times, Plaintiff was a non-exempt hourly employee.

18.     Plaintiff's job consisted principally of sorting already packed packages and routing them for delivery.

19.     Amazon had the power to, and in fact did, hire and fire Plaintiff and those similarly situated.

20.     Amazon hired Plaintiff in 2018 and fired Plaintiff in 2020 for returning from a break late.

21.     Amazon set the rate of pay for Plaintiff and those similarly situated.

22.     Amazon maintained employment records for Plaintiff and those similarly situated, including providing a platform called "Amazon A to Z"—currently available at idp.amazon.work—where Amazon maintains employee work schedules, time records, and pay records.

23.     Amazon set the work schedules for Plaintiff and those similarly situated, including strict requirements for clocking in and out on time and for avoiding overtime.

24.     These requirements included policies that punished employees for clocking in early or clocking out late.

### III.     Amazon's Illegal Off the Clock Pay Policies

25.     Under Colorado law, "'time worked' means time during which an employee is performing labor or services for the benefit of an employer, including all time s/he is suffered or permitted to work, whether or not required to do so." *See* 7 C.C.R. § 1103-1(1.9).

26.     This includes "requiring or permitting employees to be on the employer's premises, on duty, or at a prescribed workplace (but not merely permitting an employee completely relieved from duty to arrive or remain on-premises) — including but not limited to, if such tasks take over one minute, putting on or removing required work clothes or gear (but not a uniform worn outside work as well), receiving or sharing work-related information, security or safety screening, remaining at the place of employment awaiting a decision on job assignment or when to begin work, performing clean-up or other duties "off the clock," clocking or checking in or out, or waiting for any of the preceding — shall be considered time worked that must be compensated." *See* 7 C.C.R. § 1103-1(1.9.1).

####   A.  Illegal Off the Clock Policy Prior to the Covid Pandemic

27.     Prior to the COVID pandemic, *i.e.*, prior to in or about March 2020, Amazon had an illegal policy of forcing warehouse workers to work off the clock before and after their shifts with no compensation.

28.     Each day, Plaintiff would be forced to work between two to five minutes before she could clock in and begin getting compensated.

29.     During this uncompensated time, she was required to get her badge and meet with a Shift Assistant to receive her job duties for the day.

30.     This was the same for workers at Amazon warehouses across Colorado.

31.     Indeed, at some warehouses, workers would also be subjected to uncompensated security screenings *after* they clocked out.

32.     Regardless, at all Amazon warehouses across Colorado, Amazon non-exempt employees were required to be on location and on duty, but off the clock for at least several minutes each day.

33.     Amazon ensured Plaintiff and those similarly situated complied with this off the clock work policy by implementing policies that would punish employees for clocking in early or out late. If an employee clocked in early or out late too often, it would result in eventual termination.

34.     This off the clock work left Plaintiff and those similarly situated unpaid for hourly contract wages and minimum wages.

35.     In addition, because many employees were clocked in for 40 hours a week or just shy of 12 hours in a day, this off the clock work often resulted in unpaid overtime, including for Plaintiff.

### B. Illegal Off the Clock Policy During the Covid Pandemic

36.     During the COVID pandemic, *i.e.*, from in or about March 2020 until now, Amazon maintained the illegal off the clock policy described above, but the off the clock duties required of Amazon's employees increased dramatically.

37.     In addition to the uncompensated work described above, Amazon implemented a company-wide policy of requiring health screenings before its employees could clock in at all warehouses, including Colorado Warehouses.

38.     These health screenings led to long lines outside and inside the facilities.

39. Plaintiff and those similarly situated would have to arrive early, wait in a line outside the facility, enter the facility and continue to wait in line, answer health screening questions and have their temperature checked.

40. Only after the lengthy line and COVID screening could Plaintiff and those similarly situated proceed with any other required off the clock duties and then clock in.

41. Sometimes the lines were shorter, in particular when there were COVID outbreaks leading to a substantial part of the workforce being quarantined.

42. But, in general, since March 2020, the lines have been very long.

43. These lengthy lines and the screenings themselves usually led to 20-60 minutes of time that Plaintiff and those similarly situated were required to work but were not compensated.

44. This was true at every Amazon warehouse in Colorado.

45. As it did prior to the COVID pandemic, Amazon ensured Plaintiff and those similarly situated complied with this off the clock work policy by using policies that would punish employees for clocking in early or out late. If an employee clocked in early or out late too often, it would result in eventual termination.

46. This off the clock work left Plaintiff and those similarly situated unpaid for hourly contract wages and minimum wage.

47. In addition, because many employees were clocked in for 40 hours a week or just shy of 12 hours in a day, this off the clock work often resulted in unpaid overtime, including for Plaintiff.

## RULE 23 CLASS ALLEGATIONS

48. Plaintiff alleges all claims as a Fed R. Civ P. 23 class action on her own behalf and on behalf of the class she seeks to represent.

49. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the Rule 23 Class as follows:

> **ALL CURRENT AND FORMER NON-EXEMPT HOURLY EMPLOYEES WHO WORKED AT DEFENDANT'S WAREHOUSES IN COLORADO WITHIN THE STATUTE OF LIMITATIONS.**

50. The class is so numerous that joinder of all potential class members is impracticable. Plaintiff does not know the exact size of the class since that information is within the control of Amazon. However, Plaintiff estimates that, based on the size of Amazon's operations, the class is composed of well over 10,000 persons. The exact size of the class will be easily ascertainable from Amazon's employment records.

51. There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include: whether Plaintiff and those similarly situated are entitled to compensation for time spent on the job site and on duty prior to clocking in or after clocking out; the amount of time spent on these off the clock duties, the compensation due for these off the clock duties, whether these off the clock duties required Plaintiff and those similarly situated to work more than 40 hours in a week or 12-hours in a day, whether Amazon failed to keep accurate records of time worked as required by Colorado law, and whether Amazon's actions were willful.

52. The class claims asserted by Plaintiff are typical of the claims of all the potential class members because they all experienced the same or similar working conditions and pay practices.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy. This is especially true in the case of low-wage, hourly workers like the class members here, who are unsophisticated, are unlikely to seek legal representation, cannot realistically navigate the legal system *pro se*, and whose small claims make it difficult to retain legal representation if they do seek it.

53.     Plaintiff will fairly and adequately protect and represent the interests of the class. She and the proposed class were all Amazon warehouse employees and were all victims of the same violations of law as the other class members, including numerous violations of state wage and hour laws.

54.     Plaintiff is represented by counsel experienced in litigation on behalf of low-wage workers and in wage and hour class actions.

55.     The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Amazon.

56.     Each class member's claim is relatively small. Thus, the interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and that the pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

57.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

58. Plaintiff is unaware of any pending litigation commenced by members of the class concerning the instant controversy.

59. It is desirable to concentrate this litigation in this forum because all parties are domiciled in this jurisdiction or are registered to do business in this jurisdiction. Moreover, the acts or omissions giving rise to the claims in this case largely, or completely, occurred in this jurisdiction.

60. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage claims to both class litigation and the use of representative testimony and representative documentary evidence.

61. The contours of the class will be easily defined by reference to the payroll documents Amazon was legally required to create and maintain.

### COUNT I: VIOLATION OF THE COLORADO WAGE CLAIM ACT, C.R.S. §§ 8-4-101, *et seq.*

62. Plaintiff brings this claim on behalf of herself and all those similarly situated pursuant to Fed. R. Civ. P. 23.

63. At all material times, Amazon was an "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

64. At all material times, Amazon employed "employees," including Plaintiff and the Rule 23 Class, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

65. As a result of the foregoing conduct, as alleged, Amazon failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act. These wages include minimum wage, hourly contract wages, and overtime wages.

66. These violations were committed knowingly, willfully and with reckless disregard of applicable law, as Amazon knew it was requiring its employees to perform off the clock job duties and knew it was paying them nothing for these off the clock job duties.

67. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of Plaintiff and all members of the Rule 23 Class in an amount equal to all earned but unpaid straight time and overtime compensation. This demand for payment is continuing and is made on behalf of any current employees of Amazon whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

68. Plaintiff and the Rule 23 Class are therefore entitled to unpaid wages, statutory penalties, attorney's fees, costs, and applicable statutory interest.

### COUNT II: VIOLATION OF THE COLORADO MINIMUM WAGE ACT, C.R.S. §§ 8-6-101, *et seq*.

69. Plaintiff brings this claim on behalf of herself and all those similarly situated pursuant to Fed. R. Civ. P. 23.

70. At all material times, Amazon has been an "employer" within the meaning of the Colorado Minimum Wage Act.

71. At all material times, Amazon employed, and continues to employ, "employees," including Plaintiff and the members of the Rule 23 Class, within the meaning of the Minimum Wage Act.

72. Plaintiff and the Rule 23 Class were employees of Amazon within the meaning of the Minimum Wage Act.

73.     As a result of the foregoing conduct, as alleged, Amazon has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

74.     Specifically, Amazon knew it was requiring its employees to perform off the clock job duties and knew it was paying them nothing for these off the clock job duties.

75.     As a result, Plaintiff and the Rule 23 Class have been damaged in an amount to be determined at trial and are entitled to unpaid wages, attorney's fees, costs, and applicable statutory interest.

### COUNT III: CIVIL THEFT, C.R.S. § 18-4-405

76.     Plaintiff brings this claim on behalf of herself and all those similarly situated pursuant to Fed. R. Civ. P. 23.

77.     At all material times, Amazon has been an "employer" within the meaning of the Colorado Minimum Wage Act.

78.     At all material times, Amazon employed, and continues to employ, "employees," including Plaintiff and Rule 23 Class, within the meaning of the Minimum Wage Act.

79.     Plaintiff and Rule 23 Class were employees of Amazon within the meaning of the Minimum Wage Act.

80.     Amazon's intentional failure to pay minimum wage under the Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

81.     Specifically, Amazon knew it was requiring its employees to perform off the clock job duties and knew it was paying them nothing for these off the clock job duties.

82. As a result, Amazon's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

83. Plaintiff and Rule 23 Class are entitled to treble damages, attorney's fees, costs, and statutory interest.

## DEMAND FOR JURY TRIAL

84. Plaintiff demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

85. Plaintiff respectfully requests an Order and Judgment from this Court:

   a. Certifying the Rule 23 class, naming Plaintiff as representative of the class Plaintiff seeks to represent, and naming Plaintiff's counsel class counsel;

   b. granting judgment in favor of Plaintiff and the Rule 23 Class against Amazon;

   c. awarding Plaintiff and the Rule 23 class their actual damages and any applicable statutory damages;

   d. awarding Plaintiff and those similarly situated their costs;

   e. awarding Plaintiff and those similarly situated their attorney's fees;

   f. awarding Plaintiff and those similarly situated prejudgment and post-judgment interest, when allowable by law; and

   g. granting such other relief as this Court deems just and proper.

Respectfully Submitted,

*s/Alexander Hood*
Alexander N. Hood, CO Atty Reg. # 42775
David H. Seligman, CO Atty Reg. # 49394
Brianne M. Power, CO Atty Reg. # 53730
Towards Justice
PO Box 371680, PMB 44465


Denver, CO 80237-5680
720-441-2236
alex@towardsjustice.org
david@towardsjustice.org
brianne@towardsjustice.org

Brian D. Gonzales, CO Atty. Reg. # 29775
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
(970) 214-0562
BGonzales@ColoradoWageLaw.com

Attorneys for Plaintiffs