# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-02681-RM-NRN

**JENNIFER VINCENZETTI and ALICIA GRUMET,**
**on behalf of themselves and those similarly situated,**

    **Plaintiff,**

v.

**AMAZON.COM SERVICES LLC,**

    **Defendant.**

## JOINT MOTION TO EXTEND EXPERT DEADLINES IN SCHEDULING ORDER

Plaintiffs Jennifer Vincenzetti and Alicia Grumet, on behalf of themselves and on behalf of all others similarly situated, ("Plaintiffs") and Defendant Amazon.com Services LLC hereby file this Joint Motion to Extend Expert Deadlines in the Scheduling Order. In support, the Parties respectfully state as follows:

### I.  BACKGROUND

This lawsuit is a putative class action alleging that Amazon should have paid its employees for the time spent undergoing COVID-19 symptom screenings prior to the start of their shifts and exit screening after the end of their shifts in violation of Colorado law. Plaintiffs seek to pursue their claim on behalf of all hourly employees who worked at any facility in Amazon's distribution network in Colorado during the limitations period. Amazon denies the allegations and disputes that class certification is appropriate.

Since this lawsuit has been filed, both sides have served and responded to written discovery. The Plaintiffs have provided the topics for a Rule 30(b)(6) deposition, about which the Parties have met and conferred in an attempt to agree on the scope of those depositions. The Parties are also discussing a date for this deposition and a date for several other depositions.

Indeed, the Parties are working cooperatively to schedule the (1) Rule 30(b)(6) depositions, (2) the depositions of the two named Plaintiffs, and (3) the depositions of the managers of the Plaintiffs and anticipate completing those within the next 90 days.

Additionally, Amazon has produced significant data, including time punch data, payroll data, badge swipe data, and COVID-19 symptom-screening attestation data as well as relevant policy documents. Plaintiffs have reviewed the data with their expert, however, there are questions about the data which Amazon has agreed to answer.  The Parties are currently working to analyze the voluminous data and to have the questions concerning the data answered.

In light of the discovery that is still on going, the Parties need additional time to finalize expert reports.  Thus far, Plaintiffs have retained an expert economist and he has begun his evaluation of the data produced by Amazon.  However, more time is needed to finalize his report. Amazon likewise anticipates identifying an expert witness. The Parties do not seek an extension of any other deadline other than the current expert deadlines.

The Parties seek an extension of the deadlines as follows:

| | |
|---|---|
| Plaintiffs' expert designations: | June 10, 2024 |
| Report furnished by: | June 10, 2024 |
| Defendant's expert designations: | July 12, 2024 |
| Report furnished by: | July 12, 2024 |

## II.   ARGUMENTS AND AUTHORITIES

Rule 6(b) of the Federal Rules of Civil Procedure states that "when an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires …". Fed. R. Civ. P. 6(b)(1)(A).

There is good cause to extend the expert deadlines in the current scheduling order. Thus far, the Parties have exchanged written discovery requests and reviewed documents/records, including pay records, time records, badge swipe data, COVID-symptom screening data, policies, and personnel records. Plaintiffs' Counsel has retained an expert economist who is analyzing the electronic discovery that has been produced by Amazon. However, more time is needed to finalize expert reports. The Parties request a short extension of the expert deadlines. The Parties are not seeking to extend any other deadline.

Thus far, the Parties have worked together in good faith (and will continue to do so). The Parties merely ask for additional time to produce expert reports. The Parties have attached a proposed Order reflecting the requested extended deadlines. Finally, this Motion is not sought for purposes of delay, but so that justice may be done.

### III.   CONCLUSION

For these reasons, the Parties respectfully request a continuance of the current expert deadlines in the scheduling order as set forth in the attached proposed order.

Date: May 3, 2024

Respectfully submitted by:

| | |
|---|---|
| By: _/s/Don J. Foty_<br>Don J. Foty<br>Hodges & Foty, L.L.P.<br>4409 Montrose Blvd., Suite 200<br>Houston, TX 77006<br>Telephone: (713) 523-0001<br>Facsimile: (713) 523-1116<br>dfoty@hftrialfirm.com<br><br>and<br><br>Alexander N. Hood<br>David H. Seligman<br>Brianne M. Power<br>Towards Justice | By:  /s/ *Kyle Petersen*<br>Kyle Anne Petersen<br>Seyfarth Shaw LLP<br>233 South Wacker Drive<br>Suite 8000<br>Chicago, IL 60606-6448<br>kpetersen@seyfarth.com<br><br>And<br><br>Stephanie D. Delatorre<br>Seyfarth Shaw<br>1075 Peachtree Street<br>Suite 2500<br>Atlanta, GA 30309 |

3

| | |
|---|---|
| PO Box 371680, PMB 44465<br>Denver, CO 80237-5680<br>720-441-2236<br>alex@towardsjustice.org<br>david@towardsjustice.org<br>brianne@towardsjustice.org | sdelatorre@seyfarth.com<br>And<br><br>Gregory Paul Szewczyk<br>Ballard Spahr LLP-Denver<br>1225 Seventeenth Street<br>Suite 2300 |
| and | Denver, CO 80202-5596 |
| Brian D. Gonzales<br>The Law Offices of Brian D. Gonzales<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>(970) 214-0562<br>BGonzales@ColoradoWageLaw.com | Attorney for Defendant |

Attorneys for Plaintiffs and Class Members

## CERTIFICATE OF SERVICE

This is to certify that on May 3, 2024 a true and correct copy of the foregoing instrument was served via the Court's electronic filing system.

By: */s/ Don J. Foty*
     Don J. Foty

4